UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. SAWAYA #253139,

    Plaintiff,                                            Hon. Robert J. Jonker

v.                                                   Case No. 1:20-cv-220

ADDIE BRISKE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion of Defendants HUM Bellinger, RN Briske, and RN Mason for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 24.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED**.

## BACKGROUND

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), has sued several MDOC medical providers, including MDOC Defendants Briske, Mason, and Bellinger, regarding events that occurred in 2018 and 2019 at Oaks Correctional Facility (ECF), where Plaintiff is presently incarcerated. Plaintiff alleges that beginning on November 20, 2018, he began to suffer acute and excruciating pains in this chest. (ECF No. 1 at PageID.10.) Over the next four weeks, he sought medical intervention. During this time, Plaintiff apprised Defendants Mason, Briske, and Bellinger of his symptoms. On December 16, 2018, Plaintiff was taken to Munson Hospital in Manistee, Michigan, for acute and excruciating pains in his chest. (ECF No. 1 at PageID.12.) Plaintiff's condition was too critical for treatment in Manistee, so he was taken

1

by ambulance to Munson Hospital in Traverse City, Michigan. At that hospital, it was determined that Plaintiff was suffering from septic shock—his organs were shutting down. Plaintiff was treated at Munson in Traverse City for three weeks and then transferred to Dwayne Waters Hospital in Jackson, Michigan, where he was treated for several weeks. (*Id.*)

Plaintiff was transferred back to ECF in March of 2019. Plaintiff alleges that since his return, healthcare staff and corrections officers have not provided necessary medical care. With regard to the named Defendants, Plaintiff alleges that on November 1, 2019, Defendant Mason again demonstrated deliberate indifference to Plaintiff's serious medical needs when she mocked him and accused him of faking when Plaintiff sought treatment for chest pain and shortness of breath. (*Id.* at PageID.14.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to

3

resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period. (ECF No. 25-3.) Those grievances are identified as Grievance ECF-19-05-1205-28E, Grievance ECF-19-05-1287-28A, Grievance ECF-2019-06-1303-12F/28E and Grievance ECF-2-19-06-1345-12D/28E. In a previous Report and Recommendation issued on September 8, 2020 (ECF No. 19), adopted on October 9, 2020 (ECF No. 30), I addressed these same four grievances in connection with Defendant Crompton's motion for summary judgment based on failure to exhaust and concluded that none of the grievances were properly exhausted. (ECF No. 19 at PageID.171–73.) Because

4

the same four grievances are at issue in the instant motion, the same analysis and conclusion applies here.

In addition, regarding the 1345, 1287, and 1205 Grievances, Defendants submit an affidavit from Richard D. Russell, the Manager of the MDOC's Grievance Section. (ECF No. 25-5.) Mr. Russell states that those Grievances were also rejected at Step III because Plaintiff failed to include all Step I/II grievances and grievance responses with his Step III appeals, as required by MDOC Policy Directive 03.02.130. (*Id.* at PageID.240.)

Plaintiff has filed a response and a second, unauthorized response, *see* W.D. Mich. LCivR 7.2(b) (providing that absent court approval, authorized briefs on dispositive motions are limited to the opening brief, a response and a reply), both of which have been considered. In his first response, Plaintiff complains that his medical and mental conditions prevented him from properly exhausting his grievances, but he failed to submit an affidavit or declaration providing support for these assertions. (ECF No. 27.) Regardless, even if the Court credits his excuses, the record shows that Plaintiff had the ability to file grievances. The facts that Plaintiff filed several grievances and has responded to Defendants' motions in a timely manner in this case demonstrate that Plaintiff had the minimal capacity to exhaust his claims. As for his second response, much of it is devoted to the merits of Plaintiff's claims, which is not relevant at this juncture. Plaintiff does argue that he properly exhausted the subject grievances because he sufficiently named Defendants in them and exhausted them through all three steps. (ECF No. 31 at PageID.187–88.) However, as explained in the September 8, 2020 Report and Recommendation, Plaintiff fails to show that his grievances were improperly rejected for the reasons given or that exhaustion was, in fact, proper through all three steps of the MDOC's grievance policy. *See Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011) (citing *Woodford,* 548 U.S. at 90–91) (stating that "[t]he PLRA's exhaustion

5

requirement, contained in 42 U.S.C. § 1997e(a), requires 'proper' exhaustion, which includes compliance with a state agency's timeliness deadlines"); *Beck v. Ford*, No. 1:08-cv-1001, 2010 WL 889935, at *4 (W.D. Mich. Mar. 10, 2010) (concluding that the plaintiff failed to properly exhaust his grievance where his Step II and III appeals were rejected as untimely). Accordingly, Plaintiff failed to properly exhaust his claims.

## CONCLUSION

For the foregoing reasons, I recommend that the motion of Defendants Bellinger, Briske, and Mason for summary judgment based on Plaintiff's failure to exhaust his administrative remedies (ECF No. 24) be **granted** and that Plaintiff's claims against them be **dismissed without prejudice**. I further recommend that, if the Court adopts this Report and Recommendation, it close the case as all claims will have been dismissed without prejudice. Finally, I recommend that Plaintiff's pending motion to appoint counsel (ECF No. 32) be **denied** as moot.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 9, 2020     /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge